# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:99CV100
## (4:94CR37-18)

| | |
|---|---|
| LESTER D. LANGLEY, )<br>)<br>Petitioner, )<br>)<br>Vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to Federal Rule of Civil Procedure 60(b) for relief from Judgment. The motion is denied.

## I. PROCEDURAL HISTORY

In July 1995, Petitioner was convicted after jury trial of conspiring to possess with intent to distribute over 72,000 pounds of marijuana and aiding and abetting in that offense in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2. Petitioner was sentenced on April 22, 1996, to 236 months incarceration. His conviction and sentence were affirmed by

the Fourth Circuit on direct appeal and his petition for a writ of *certiorari* was denied by the Supreme Court. **United States v. Langley, 133 F.3d 920 (table), 1998 WL 13535 (4th Cir.),** *cert. denied,* **523 U.S. 1144 (1998).** On June 23, 1999, the Petitioner's motion pursuant to 28 U.S.C. § 2255 was denied and the Fourth Circuit denied a certificate of appealability from that ruling and dismissed the appeal. **Langley v. United States, 203 F.3d 823 (table), 2000 WL 4918 (4th Cir. 2000).**

## II. DISCUSSION

Petitioner moves for relief pursuant to Rule 60(b) which provides in pertinent part: "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . for . . . any . . . reason justifying relief from the operation of the judgment." At issue, however, is whether this motion is actually one brought pursuant to Rule 60(b) or a second § 2255 motion.

> As amended by the AEDPA [Antiterrorism and Effective Death Penalty Act], § 2255 bars successive applications unless they contain claims relying on
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
>
> . . .
>
> In addition to enacting the substantive standards we have just described, the AEDPA modified the procedures governing successive collateral review applications. As a result of these modifications, a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals.
>
> . . .
>
> In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.

**United States v. Winestock, 340 F.3d 200, 203 (4th Cir.), cert. denied, 540 U.S. 955 (2003) (citations and footnotes omitted).** "The ultimate question here is whether [Petitioner's] motion for [relief] should [be] treated as a successive collateral review application." *Id*.

As previously noted, the Petitioner has already filed one motion pursuant to § 2255. Although styled as a Rule 60(b) motion, if this is, in reality, a motion pursuant to § 2255, the undersigned has no jurisdiction to entertain it unless it has been certified "by a panel of the appropriate court of appeals[.]" **28 U.S.C. § 2255.** Thus, if this motion is actually a successive petition, it must be presented in the first instance to the Fourth Circuit. **Winestock, supra, at 205 ("As a result of these modifications, a prisoner seeking to file a successive application in the district court**

**must first obtain authorization from the appropriate court of appeals.").**

In support of this motion, the Petitioner argues that his sentence violates the Sixth Amendment of the United States Constitution because of enhancements contained in the presentence report and adopted by the Court that were not presented to a jury and proven beyond a reasonable doubt. Petitioner cites the recent United States Supreme Court decisions in *Blakely v. Washington State*, 542 U.S. 296 (2004), and *Booker v. United States*, 543 U.S. 220 (2005), to support his arguments.

"In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." ***Winestock, supra.***

> [D]istrict courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.
> . . .
> [This] holding raises the question of how to distinguish a proper Rule 60(b) motion from a "successive [application] in 60(b)'s clothing." There may be no infallible test for making this distinction, but a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to

reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.*, at 206-07 (quoting *Lazo v. United States*, 314 F.3d 571, 573 (11th Cir. 2002) (other internal citations and quotations omitted). Here, the Petitioner raises new allegations of constitutional error and new legal arguments based on the recent Supreme Court decisions of *Blakely* and *Booker*. These are successive claims because they are based on new law which is not retroactively applicable to collateral attacks. *Id.*; *Gitten v. United States*, 311 F.3d 529 (2d Cir. 2002); *Santiago v. United States*, 64 Fed. Appx. 281, 286 (2d Cir.), *cert. denied*, 540 U.S. 992 (2003) ("Santiago's [ ] claim was first raised in the District Court as part of his Rule 60(b) motion for reconsideration. . . . [A] Rule 60(b) motion that raises entirely new grounds for a collateral attack is indeed a successive habeas petition that requires leave to file from the Court of Appeals."); *United States v. Ray*, 4 Fed. Appx. 197 (4th Cir. 2001). *See also, United States v. Price*, 400 F.3d 844 (10th Cir. 2005) (*Blakely* not retroactive to convictions that were final at time of decision);

*Varela v. United States*, 400 F.3d 864 (11th Cir.), *cert. denied*, 126 S. Ct. 312 (2005) (same); *Cooper-Smith v. Palmateer*, 397 F.3d 1236 (9th Cir.), *cert. denied*, 126 S. Ct. 442 (2005) (same); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005) (same); *United States v. Marshall*, 117 Fed. Appx. 269 (4th Cir. 2004) (same); *United States v. Morris*, 429 F.3d 65 (4th Cir. 2005) (Although *Booker* is a new rule of constitutional law, it is not a watershed rule and therefore does not apply retroactively to cases on collateral review.); *United States v. Fowler*, 133 Fed. Appx. 922 (4th Cir. 2005) ("Neither *Booker* nor *Blakely* announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review."); *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005); *United States v. Bellamy*, 411 F.3d 1182 (10th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608 (3d Cir.), *cert. denied*, 126 S. Ct. 288 (2005); *Guzman v. United States*, 404 F.3d 139 (2d Cir.), *cert. denied*, 126 S. Ct. 731 (2005); *Humphress v. United States*, 398 F.3d 855 (6th Cir.), *cert. denied*, 126 S. Ct. 199 (2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.), *cert. denied*, 125 S. Ct. 2559 (2005) ("We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); *In*

*re Anderson,* **396 F.3d 1336, 1339 (11th Cir. 2005).** Petitioner's claims, therefore, are subject to the requirements for successive applications, that is, they must first be presented to the Fourth Circuit. As a result, the undersigned has no jurisdiction to entertain any of the claims presented.

### III. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion pursuant to Federal Rule of Civil Procedure 60(b)(6) is hereby **DENIED** for lack of jurisdiction.

Signed: February 27, 2006

Lacy H. Thornburg
United States District Judge